IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUVELLE HARLEY** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 25-1343 |
| | : | |
| **PENNSYLVANIA PAROLE BOARD,** | : | |
| *ET AL.* | : | |

**McHUGH, J.**                                                                                                              **July 7, 2025**

## MEMORANDUM

    This is an action brought by a state prisoner pursuant to 28 U.S.C. § 2254 challenging the Pennsylvania Parole Board's denial of his parole on due process grounds. The threshold issue is whether the Petitioner must first exhaust state court remedies before proceeding in this Court. Pennsylvania law has been marked with uncertainty as to what remedies a prisoner has for challenging a denial of parole. In 2005, the Third Circuit addressed this muddled landscape and concluded that in most cases exhaustion was unnecessary because Pennsylvania provided virtually no avenue for relief. Since then, however, the intermediate appellate courts of Pennsylvania have expanded the scope of claims that can be raised when challenging a denial of parole and based upon that the development I will dismiss this action for failure to exhaust. But even if Petitioner had exhausted his claim, he would not be able to prevail on the merits. I will therefore dismiss the petition for writ of habeas corpus on both procedural and substantive grounds.

**I.**    **Relevant Background**

    Petitioner was sentenced to a maximum term of incarceration of 40 years on May 15, 2006. ECF 7-2. His minimum sentence expired on September 30, 2019, and his original maximum sentence was set for September 30, 2044. *Id.* Upon expiration of his minimum sentence in 2019,

Petitioner was first refused parole, but then granted parole just under a year later in April 2020. ECF 7-3, 7-4.

On September 16, 2022, Petitioner was detained pending new criminal charges, and recommitted on September 26, 2023 for convictions of unlawful restraint, simple assault, and reckless endangerment of another. ECF 7-5, 7-6. Accordingly, his parole violation maximum date was reset to February 12, 2047.[1] ECF 7-6.

On February 13, 2025, the Board again refused Petitioner's parole for several reasons articulated in their report, including unsatisfactory supervision history, failure to demonstrate motivation for success, minimization/denial of the offenses committed, and lack of remorse for the offenses committed. ECF 7-8.

Without first pursuing any recourse in state court, Petitioner filed this habeas petition claiming that the Board's parole denial violated his right to due process. ECF 1.

## II.  Discussion

### A.  Exhaustion and Procedural Default

A petitioner is required to exhaust available state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for writ of habeas corpus … unless the petitioner has first exhausted the remedies available in state courts."). Exhaustion requires employing a full round of the state's appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The requirement is "grounded in principles of comity; in a federal system, the

---

[1] Although Petitioner's parole violation maximum date was initially set to February 24, 2047, it was then adjusted to February 12, 2047 to reflect additional credit to which he was entitled. ECF 7-7.

States should have the first opportunity to address and correct alleged violations of state prisoners' federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Only where state law clearly forecloses state court review of the claim at issue may the exhaustion requirement be excused. *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001). A petitioner's failure to assert a claim in state court for fear of merits futility does not excuse the exhaustion requirement. *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *Parker v. Kelchner*, 429 F.3d 58, 64 (3d Cir. 2005).

> 1. *The Commonwealth has original jurisdiction over challenges to parole board decisions on due process grounds.*

In 2005, amidst a maze of unsettled case law, the Third Circuit concluded that Pennsylvania law did not provide a mechanism by which a prisoner could challenge a parole denial, unless the challenge was based upon a claim that the law had been improperly applied *ex post facto. DeFoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005). It therefore held as a general proposition that such petitioners need not pursue exhaustion before filing in federal court. In the two decades that followed, Pennsylvania law developed. Most pertinently, in 2021, the Commonwealth Court made clear in *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1233 (Pa. Commw. Ct. 2021), that in addition to *ex post facto* claims, a petitioner could also raise due process challenges in state court challenging the Board's denial of parole. "Under our precedent, both *ex post facto* claims *and due process challenges* may be raised in a mandamus action." *Id.* (emphasis added).

As a decision of an intermediate appellate court, *Toland* is not determinative of Pennsylvania law. But its discussion of whether due process claims may be raised through *mandamus* found support in precedent from the Pennsylvania Supreme Court and other Commonwealth Court decisions. *Id*. Its analysis has not been called into question, and a state

3

prisoner seeking to challenge a parole denial on due process grounds could cite *Toland* as controlling precedent permitting them to proceed.

Several other district courts within the Third Circuit have acknowledged that because of the expanded scope of state court review, *DeFoy* may no longer control on the issue of exhaustion. *See, e.g.*, *Bowman v. Brittan*, No. 23-2092, 2024 WL 5050028, at *1 n.2 (E.D. Pa. Oct. 21, 2024), *report and recommendation adopted sub nom. Bowman v. Attorney Gen.*, No. 23-2092, 2024 WL 5047464 (E.D. Pa. Dec. 9, 2024) ("Based upon *Toland,* which *DeFoy* could not consider since it had yet been decided, it is clear that Petitioner had an available state court remedy; hence, he was required to comply with the exhaustion requirement."); *Hinton v. Armel*, No. 22-1494, 2025 WL 295773, at *5 (W.D. Pa. Jan. 24, 2025) ("By 2022 . . . the Commonwealth Court had made clear that a prisoner could raise due process challenges in a mandamus action challenging the Board's decision denying parole."); *Purcell v. Pennsylvania Parole Bd.*, No. 23-311, 2024 WL 5340671, at *2 (W.D. Pa. Jan. 10, 2024), *report and recommendation adopted sub nom. Purcell v. Pennsylvania Bd. of Parole*, No. 23-311, 2025 WL 240959 (W.D. Pa. Jan. 17, 2025) (unexhausted parole denial petitions may be dismissed on procedural grounds because *DeFoy* "is no longer good law"). I agree with these courts, and view *Toland* as undercutting the factual predicate on which *DeFoy* was decided. It follows that a petitioner must raise due process challenges to parole board decisions in state court before petitioning for federal habeas relief.

    2. *Petitioner here has failed to exhaust available state court remedies.*

In light of *Toland,* Petitioner was required to first contest his parole denial in the Commonwealth Court, and from there pursue any subsequent appeals in the Pennsylvania Supreme Court prior to seeking review from this Court. *See* 42 Pa.C.S. § 723. Petitioner does not dispute

that he failed to file his petition in state court but incorrectly assumed that no state remedy was available to him. ECF 1. Consequently, Petitioner's claim must be dismissed.

### B. The Merits

Alternatively, Petitioner's substantive due process claim also fails on the merits.[2] Petitioner is only entitled to federal habeas corpus relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Fourteenth Amendment Due Process Clause provides that a state may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). And both Pennsylvania and federal courts have held that there is no constitutionally protected liberty interest in parole. *See Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 323 (Pa. 1999). But "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).

The Board has broad discretion in determining parole decisions. 61 Pa.C.S. §§ 6135, 6137; *Com. v. Vladyka*, 229 A.2d 920, 922 (Pa. 1967). Naturally, it would be impermissibly arbitrary

---

[2] Petitioner does not specify whether he is bringing a procedural or substantive due process claim. Although Petitioner's argument takes the loose shape of a substantive due process claim, the claim would also fail if I were to construe it as a procedural due process claim because there is no protected liberty or property interest in premature release from a valid sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Petitioner therefore cannot show that there is a liberty or property interest with which the State has interfered. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

for the Board to deny parole based upon factors bearing no rational relationship to interests of the Commonwealth, or based on constitutionally forbidden grounds, such as race, religion, or the exercise of free speech. *Block*, 631 F.2d at 237. To establish that a Board's parole denial was based on reasons sufficiently arbitrary to mount a constitutional claim, the Board's justification would need to shock the conscience, encompassing "only the most egregious conduct." *Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002). As such, the Board is entitled to significant deference, and as long as the Board has "some basis for the challenged decision," the requirements of substantive due process are satisfied. *Coady*, 251 F.3d at 487.

No reasonable interpretation of the Board's parole decision here could be deemed arbitrary when the controlling standard is whether there was "some basis" for the decision. The Board initially granted Petitioner parole in April 2020. But shortly after his release, Petitioner was charged and convicted of unlawful restraint, simple assault, and reckless endangerment of another, resulting in his recommitment. Prior to the Board's February 13, 2025 parole denial, they interviewed Petitioner, reviewed his file, and considered factors enumerated in the Prisons and Parole Code. 61 Pa.C.S. § 6135. As to the basis for their decision, the Board's denial explains that Petitioner was ineligible for parole due to his 1) prior unsatisfactory supervision history; 2) reports, evaluations and assessments indicating his risk to the community; 3) failure to demonstrate motivation for success; 4) minimization or denial of the nature of the circumstances of the offenses committed; 5) refusal to accept responsibility for the offenses committed; and 6) lack of remorse.

Although Mr. Harley might disagree with the Board's assessment of him, none of the criteria that the Board relied upon can be described as "conscience shocking." Petitioner thus fails to establish that he is in custody in violation of his substantive due process rights, and his habeas petition fails on the merits.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists where a reasonable juror would find it debatable whether the district court was correct in its procedural ruling or in its evaluation of the constitutional claims at issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given clear Pennsylvania case law establishing original jurisdiction in state court for due process challenges to Board decisions, no reasonable jurist would question whether Petitioner's claim is procedurally deficient. Alternatively, no reasonable jurist would find it debatable whether the Board had "some basis" to deny Petitioner parole.

### III. Conclusion

For the reasons set forth above, the petition is dismissed without a certificate of appealability. An appropriate order follows.

        /s/ Gerald Austin McHugh
        United States District Judge